IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **ORDER** <br><br> **This Order Relates to** <br> 2:24-cv-03239; <br> 2:24-cv-02917; <br> 2:24-cv-02914; <br> 2:24-cv-02916; <br> 2:24-cv-03242; <br> 2:24-cv-02919; <br> 2:24-cv-02908; <br> 2:24-cv-02913; <br> 2:24-cv-03241; <br> 2:24-cv-03315; <br> 2:24-cv-02178; <br> 2:24-cv-03229; <br> 2:24-cv-02915; <br> 2:24-cv-03228; <br> 2:24-cv-03279; <br> 2:24-cv-03230; <br> 2:24-cv-03309; <br> 2:24-cv-02613; <br> 2:24-cv-02918; <br> 2:24-cv-03295; <br> 2:24-cv-02911; <br> 2:24-cv-03244; <br> 2:24-cv-03299; <br> 2:24-cv-03240; <br> 2:24-cv-03297. |

Certain Defendants, with the consent of Defense Leadership, move to dismiss without prejudice the claims of the Plaintiffs listed in Exhibit A (Dkt. No. 6421-1) for failure to serve executed and completed Turnout Gear Plaintiff Fact Sheets. (Dkt. No. 6421). Certain Plaintiffs responded in opposition. (Dkt. No. 6465). For the reasons set forth below, the motion is denied-in-part and granted-in-part.

I. **Background**

CMO No. 5 governs the form, procedure and schedule for completion and service of Plaintiff Fact Sheets ("PFS") for all Plaintiffs in this multidistrict litigation. Each PFS must be "substantially complete in all respects" and, if not, the parties must engage the Deficiency Dispute Resolution Process that culminates in the Defense Leadership's opportunity to move to dismiss without prejudice the claims of any Plaintiffs whose PFS remain deficient. (Dkt. No. 205 ¶ 9). Dismissal without prejudice is subject to reinstatement if that Plaintiff serves a completed PFS pursuant to Paragraphs 22 through 26 of CMO No. 5. (*Id.* ¶ 16). Additionally, Plaintiffs may avoid dismissal by serving completed PFS as required by CMO No. 5 within the time provided to respond to a motion to dismiss for failure to serve PFS. (*See id.* ("Failure to tender a completed PFS as required by this Order within the time provided for the response shall result in dismissal of the Plaintiff's complaint without prejudice absent further Order of the Court.")).

The provisions of CMO No. 5 are incorporated in CMO No. 5F for Turnout Gear PFS. (Dkt No. 4542 ¶ 3).

II. **Legal Standard**

A defendant may move to dismiss any claim against it if the plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a Court order. Fed. R. Civ. P. 41(b). The Court may also dismiss an action for failure to obey a discovery order under Rule 37(b)(2). In determining whether dismissal is appropriate, the Court should consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). However, these four factors "are not a rigid four-prong test," and "the propriety of a

dismissal . . . depends on the particular circumstances of the case." *Id*. at 95. Furthermore, "[r]igid application of these factors is unnecessary if the district court provided an 'explicit and clear' warning that the failure to comply with the order would result in dismissal of the case." *Bailey v. Edwards,* 573 F. App'x 268, 269 (4th Cir. 2014); *see also Coles v. Northcutt,* 574 F. App'x 268 (4th Cir. 2014) ("[G]enerally, a district court does not abuse its discretion in dismissing an action when a party fails to comply with a reasonable court order after being warned of the consequences of neglecting the court's direction.").

Courts are given broad discretion to manage an MDL docket containing voluminous cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod Liab. Litig.,* 496 F.3d 863, 867 (8th Cir. 2007). Because MDLs were created by Congress to encourage efficiency, "MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id.* (internal quotations omitted). Thus, the transferee court has "greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *Id.*

**III.    Discussion**

A completed PFS contains basic facts required by Defendants to assess the quality of the claims, and a Plaintiff's failure to provide such information may result in prejudice to a Defendant. *See, e.g.*, *Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) ("[T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint."); *In re Guidant Corp.*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger

of prejudice substantial."). Moreover, a Plaintiff's delay or failure to provide a complete PFS may impact the other Plaintiffs in this litigation "by unfairly diverting the time and attention of the court away from their timely claims to that of [these plaintiffs]." *In re Guidant Corp.*, 496 F.3d at 867.

Here, Defendants have engaged the Deficiency Dispute Resolution Process (Dkt. No. 6421 at 1-2) and filed an appropriate motion to dismiss. Certain Plaintiffs, in their response, indicated that they served executed and completed Turnout Gear PFS in accordance with CMO No. 5 within the time provided to respond to Defendants' motion to dismiss. (Dkt. No. 6465). Those Plaintiffs are listed in Exhibit A to the Plaintiffs' response. (Dkt. No. 6465-1).

Because certain Plaintiffs served Turnout Gear PFS within the time provided to respond to Defendants' motion to dismiss, the Court denies Defendants' motion as to those Plaintiffs listed in Plaintiffs Exhibit A (Dkt. No. 6465-1). The Court finds that granting Defendants motion to dismiss is appropriate for all other Plaintiffs listed in Defendants Exhibit A (Dkt. No. 6421-1).

## IV. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss (Dkt. No. 6421) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The claims of the Plaintiffs listed in Plaintiffs Exhibit A (Dkt. No. 6465-1) **remain**. The claims of the remaining Plaintiffs listed in Defendants Exhibit A (Dkt. No. 6421-1) are **dismissed without prejudice**, subject to reinstatement upon the service of executed and completed PFS pursuant to the procedure set forth in CMO No. 5, paragraphs 22 through 26.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 27, 2025

Charleston, South Carolina